IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARAGE DOOR SERVICES OF, HOUSTON, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CIV-22-679-D |
| ROGER FRY, SHANNON FRY, and CLASSIC GARAGE DOOR, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

The federal removal statute, 28 U.S.C. § 1441, allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.A. § 1441(a). But there is an important caveat: where jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332(a), the action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b)(2). This rule, known as the forum defendant rule, is the source of the dispute now before the Court.

Plaintiff has filed a Motion to Remand [Doc. No. 9], seeking to remand this action to state court because Defendants are citizens of the State in which the action was originally brought. Defendants filed a response in opposition [Doc. No. 12] contending that, although they are forum defendants, the forum defendant rule does not preclude removal in this

1

instance because the removal occurred prior to service. The matter is fully briefed and at issue.

## RELEVANT BACKGROUND

Plaintiff, a Texas company, initiated this action on May 13, 2022 in Oklahoma state court asserting state law claims against Defendants Roger Fry, Shannon Fry, and Classic Garage Door, LLC. Defendants are all citizens of Oklahoma. On August 9, 2022 – prior to service being perfected on any party – Defendants filed an Entry of Appearance and Waiver of Service in the state court case and a Notice of Removal.[1] The Notice of Removal asserts that this Court has original jurisdiction over the action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

Plaintiff does not dispute that this Court may exercise subject matter jurisdiction over this case under § 1332(a). Instead, it contends that Defendants' pre-service removal was procedurally improper because § 1441(b)(2) precludes removal of cases involving forum defendants before there has been service on at least one party.[2] Defendants counter

---

[1] Apparently as an explanation for the delay in serving Defendants, Plaintiff asserts that the parties were previously engaged in settlement discussions, and it filed this action to preserve the statute of limitations on certain claims. Defendants deny that settlement negotiations were occurring immediately prior to the removal. It is unnecessary to resolve this dispute because the Court would reach the same conclusion even assuming that Plaintiff's version of events is accurate.

[2] The forum defendant rule is a procedural rule, not a jurisdictional one, and it may be waived. *Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020).

that the plain language of § 1441(b)(2) only precludes removal where a forum defendant has been "properly joined and served."

## DISCUSSION

The primary issue raised by the parties' arguments is one of statutory interpretation. "The goal of statutory interpretation is to 'ascertain the congressional intent and give effect to the legislative will.' " *In re Taylor*, 899 F.3d 1126, 1129 (10th Cir. 2018) (quoting *Ribas v. Mukasey*, 545 F.3d 922, 929 (10th Cir. 2008). Of course, the starting point in this analysis "is always the language of the statute itself." *United States v. Quarrell*, 310 F.3d 664, 669 (10th Cir. 2002). "If the language is clear and unambiguous, the plain meaning of the statute controls." *Id.* An ambiguous statute is one that "is 'capable of being understood by reasonably well-informed persons in two or more different senses.'" *Id.* (quoting *In re Geneva Steel Co.*, 281 F.3d 1173, 1178 (10th Cir. 2002)). With respect to removal statutes specifically, the general rule is that removal statutes are to be "strictly construed" and "all doubts are to be resolved against removal." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

Here, the text of § 1441(b)(2) is clear and unambiguous. The statute provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

This language plainly precludes removal of actions only after a forum defendant has been served.[3] Every Circuit Court that has directly addressed the issue has reached this conclusion. *See Gibbons v. Bristol-Myers Squibb Co.,* 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action."); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.,* 955 F.3d 482, 486 (5th Cir. 2020) (agreeing with *Gibbons*);[4] *Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 152 (3d Cir. 2018) ("Its plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served."); *McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, as LSERS concedes there was, the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)(2).").[5]

---

[3] Another judge in this district has concluded that "there is a judicially crafted exception to the 'properly joined and served language' of § 1441(b)(2), and that the exception applies if plaintiffs did not have a reasonable opportunity to serve" the forum defendant before removal. *Woods v. Dr Pepper Snapple Grp., Inc.*, No. CIV-19-1162-F, 2020 WL 917284, at *3 (W.D. Okla. Feb. 26, 2020). Assuming the propriety of such an exception, it would not apply here because Plaintiff had ample time to serve at least one defendant.

[4] Although *Texas Brine* involved removal by a non-forum defendant where a forum defendant remained unserved, district courts in the Fifth Circuit have since interpreted this case as allowing pre-service removal even where the only defendant is a forum defendant. *See Chastain v. New Orleans Paddlewheels, Inc.,* No. CV 21-1581, 2021 WL 5578443, at *5 (E.D. La. Nov. 30, 2021); *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, No. CV 4:20-1788, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020).

[5] The Eleventh Circuit also addressed pre-service removal, but in a slightly different context. In *Goodwin v. Reynolds*, 757 F.3d 1216, 1220 (11th Cir. 2014), two non-forum defendants removed the case on diversity grounds before any defendant, including one that was a forum defendant, had been served. Plaintiff moved to dismiss under Rule 41(a)(2)

In an attempt to inject some ambiguity into § 1441(b)(2), Plaintiff asserts that the statute's reference to "any" of the parties in interest presumes that at least one forum defendant has been served prior to removal.[6] The Court does not agree. Service of process is not generally a prerequisite to removal, *see Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010), and nothing in § 1441(b)(2) indicates that removal is precluded until at least one party has been served. Plaintiff's interpretation seeks to add a condition to removal that the text of the statute simply does not require. Moreover, interpreting § 1441(b)(2) as allowing for pre-service removal does not render the word "any" superfluous. Rather, the phrase "any of the parties in interest properly joined and served" contemplates "the possibility that more than one defendant has been joined and served, but does not require it." *Latex Constr. Co.*, 2020 WL 3962247, at *5.

Applying the plain language of § 1441(b)(2), Defendants' removal was proper because no forum defendant had been served at the time of the removal. Plaintiff argues that this is an absurd result given the purpose of § 1441, "which is to allow an out-of-state

---

so that he could refile the action in state court in a manner that would preclude removal, and the district court granted the motion. Defendants appealed, arguing that they lost their substantial right to removal as a result of the dismissal. In evaluating this claim, the Eleventh Circuit seemed to agree that the plain language of § 1441(b)(2) permits preservice removal: "[b]y its terms, the forum-defendant rule applies only if a forum defendant has been 'properly joined and served.'" *Id*. at 1220-21. The court concluded, however, that the defendants' right of removal "was not at the core of what the removal statute protects" and the district court therefore did not abuse its discretion in dismissing the action. *Id.* at 1221-22.

[6] Some district courts have found this argument persuasive, although most of these decisions predate the rulings by the Second, Third, and Fifth Circuits. *See, e.g., Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286 (N.D. Ala. 2019); *In re Jean B. Mcgill Revocable Living Tr.*, No. 16-CV-707-GKF-TLW, 2017 WL 75762, at *2 (N.D. Okla. Jan. 6, 2017); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 317 (D. Mass. 2013).

defendant to escape prejudice in the state courts of the plaintiff's home state." *Gibbons*, 919 F.3d at 706. This argument is not without appeal, particularly given the specific scenario presented here, where all defendants are forum defendants and presumably not at risk of experiencing any negative local bias in state court. But the plain meaning of an unambiguous statute can only be ignored "when that meaning leads to absurd results so gross as to shock the general moral or common sense." *United States v. Husted*, 545 F.3d 1240, 1245 (10th Cir. 2008) (quotation marks and citation omitted). The outcome here does not rise to this level.

As explained by the Third Circuit, the "properly joined and served" language in § 1441(b)(2) "addresses a specific problem — fraudulent joinder by a plaintiff — with a bright-line rule." *Encompass Ins. Co.*, 902 F.3d at 153. Interpreting the statute to permit removal by an unserved forum defendant "does not contravene" this purpose and also "protects the statute's goal without rendering any of the language unnecessary." *Id.* Although allowing an unserved defendant to remove an action that would otherwise not be removable may seem like a "peculiar" outcome, it "is not so outlandish as to constitute an absurd or bizarre result." *Id.* at 154. Accordingly, the plain language of the statute must be enforced.

## CONCLUSION

Section 1441(b)(2) provides that an action may not be removed on the basis of diversity if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." At the time of removal, Plaintiff had not "joined and served" any party that was a citizen of the forum state. Accordingly,

Defendant's removal of this action was not precluded by § 1441(b)(2) and Plaintiff's Motion to Remand [Doc. No. 9] is DENIED.

IT IS SO ORDERED this 17th day of October, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge